Amanda Kuklinski; AZ Bar No. 035676
Kelsey Whalen; AZ Bar No. 037043
**ZOLDAN LAW GROUP, PLLC**
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
akuklinski@zoldangroup.com
kwhalen@zoldangroup.com

Attorneys for Plaintiff
Joshua Susuras

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Joshua Susuras**, an Arizona resident;<br><br>  Plaintiff,<br><br>  v.<br><br>**Wallcon, LLC**; an Arizona limited liability company;<br><br>  Defendant. | Case No.<br><br>**VERIFIED COMPLAINT**<br><br>**(Jury Trial Requested)** |

Plaintiff Joshua Susuras ("**Plaintiff**") for his complaint against Defendant Wallcon, LLC ("**Wallcon**") hereby alleges as follows:

## PARTIES

1. Plaintiff is, and at all times relevant hereto was, a resident of Maricopa County, Arizona.

2. Upon information and belief, Wallcon, LLC is an Arizona limited liability company which is registered to conduct business and is currently doing business in the State of Arizona.

## JURISDICTION AND VENUE

3. All acts complained of herein occurred in Phoenix, Arizona, and this Court has jurisdiction over the parties and subject matter set forth in this Complaint pursuant to the Americans with Disabilities Act and the ADA Amendments Act (collectively referred to as "**ADA**"), 42 U.S.C. 12101, *et seq.*,

4. This Court has federal question subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 in that the claims set forth in this Complaint arise under federal law.

5. The employment practices alleged to be unlawful were committed within, and had their primary effect in, the jurisdiction of the United States District Court for the District of Arizona.

6. Plaintiff was, at all relevant times, an employee of Wallcon within the meaning of the ADA.

7. Personal jurisdiction in this Court is proper.

8. Venue in this Court is proper.

9. On or about May 4, 2020, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC").

10. On or about May 12, 2020, Plaintiff filed an amended complaint with the EEOC.

11. On July 26, 2022 the EEOC issued a Right to Sue letter.

12. Plaintiff received the Right to Sue letter on August 9, 2022.

13. This complaint is brought within 90 days of Plaintiff's receipt of the EEOC's Right to Sue letter.

14. Plaintiff has exhausted all administrative remedies.

## FACTUAL ALLEGATIONS

15. Plaintiff began working for Wallcon in January 2020 as a driver.

16. Plaintiff has Poland syndrome, a congenital disorder in which a child is born with missing or underdeveloped muscles on one side of the body, often affecting the shoulder, arm, or hand.

17. Because of his Poland syndrome, Plaintiff's left hand is noticeably smaller than his right hand and he is unable to make a tight fist with his left hand.

18. When Plaintiff began his employment with Wallcon, he was given the option to drive a front-load trash truck ("front loader") or a "roll-off" dump truck.

19. Plaintiff initially had no preference between the two trucks and was placed on the front-loader.

20. However, Plaintiff soon discovered that the front-loader required him to regularly climb a ladder to the top of the truck.

21. Because of Plaintiff's Poland syndrome and his inability to make a tight fist with his left hand, he did not feel safe regularly climbing the front-loader ladder.

22. On or about January 12, 2020, Plaintiff told his direct supervisor, Division Manager Joe Nahrgang ("Nahrgang"), about his disability and asked to be moved to the roll-off truck because it was difficult for him to climb the front-loader ladder.

23. Operating the roll-off truck did not require Plaintiff to climb a ladder and therefore he was able to perform the job within his limitations.

24. Following Plaintiff's January 12, 2020 accommodation request, Nahrgang told Plaintiff to take the following day off work.

25. Plaintiff was not permitted to return to work until January 17, 2020, at which

time Nahrgang informed him he would be training to drive the roll-off truck.

26. When Plaintiff arrived at work on January 17, 2020, Nahrgang demanded to see his affected hand and asked why Plaintiff had not informed him of his disability prior to his hiring.

27. During his roll-off truck training on January 17, 2020, the driver training Plaintiff informed him that Wallcon had recently purchased an additional roll-off truck.

28. On January 18, 2020, Nahrgang again placed Plaintiff on the front-loader.

29. On January 22, 2020, Plaintiff informed Nahrgang that he could not safely continue operating the front-loader due to his inability to safely climb the ladder.

30. On January 23, 2020, Nahrgang and Safety Coordinator Darwin Maldonado terminated Plaintiff's employment.

31. Wallcon could have accommodated Plaintiff's disability by placing him in a vacant position which did not require climbing a ladder, including but not limited to a roll-off driver position.

## COUNT I
## DISCRIMINATION UNDER
## THE AMERICANS WITH DISABILITIES ACT

32. Plaintiff reasserts and realleges each and every allegation in this complaint as if fully set forth herein.

33. Plaintiff satisfied his administrative exhaustion requirements by filing a disability discrimination charge with the EEOC and filing this complaint within 90 days of receiving his Right to Sue letter.

34. The ADA prohibits discrimination against a qualified individual with a disability in regard to terms, conditions and privileges of employment.

35. Plaintiff has a physical impairment that substantially limits a major life activity.

36. In the alternative, the length of time during which Plaintiff has experienced symptoms, from which he will continue to suffer, constitutes a record of impairment.

37. In the alternative, Plaintiff was regarded as having a disability under the ADA.

38. Plaintiff has a diagnosis of Poland syndrome, which constitutes a disability as defined by the ADA.

39. Plaintiff was qualified to perform the essential duties of his position.

40. Defendant failed to engage in the interactive process with Plaintiff and instead terminated his employment.

41. Upon information and belief, Defendant treated Plaintiff disparately as compared to other similarly situated non-disabled employees because of his disability.

42. Defendant discriminated against Plaintiff by terminating him due to his disabilities. Such termination constitutes adverse employment action as contemplated by the ADA.

43. As a direct, intentional, and willful consequence of such illegal conduct, Plaintiff suffered adverse employment actions including, inter alia, termination of employment.

44. As a result, Plaintiff has been damaged in an amount to be proven at trial.

## COUNT II
## RETALIATION UNDER
## THE AMERICANS WITH DISABILITIES ACT

45. Plaintiff reasserts and realleges each and every allegation in this complaint

as if fully set forth herein.

46. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

47. The ADA prohibits discrimination against any individual because such individual engaged in protected activity under the ADA. *See* 42 U.S.C. § 12203(a).

48. Plaintiff engaged in a protected activity by requesting reasonable accommodations for his disability.

49. Defendants retaliated against Plaintiff for engaging in protected activity by terminating his employment.

50. As a result of Defendants' illegal conduct, Plaintiff has been damaged in an amount to be proven at trial.

## **CONCLUSION AND PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendant WALLCON as follows:

A. An award of damages for all counts in an amount to be proven at trial;

B. An award of compensatory and punitive damages in an amount to be proven at trial; and;

C. Reasonable attorneys' fees and other expenses under the ADA pursuant to 42 U.S.C. § 12205;

D. An award of back pay and front pay;

E. Pre- and post-judgment interest;

F. Any other remedies or judgments deemed just and equitable by this Court.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED October 21, 2022.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Amanda Kuklinski
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2022, I electronically transmitted the foregoing document to the United States District Court, District of Arizona, Court Clerk, using the CM/ECF System. All counsel of record are registrants and are therefore served via this filing and transmittal.

By: /s/ Ashley Peschke

**VERIFICATION**

Plaintiff Joshua Susuras declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and as to those matters, he believes them to be true.

_____
Joshua Susuras